UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSE GONZALEZ,

      Plaintiff,

-v-                                      19-CV-6137CJS
                                          ORDER

Superintendent SHAWN CRONIN,
Sheriff TIMOTHY B. HOWARD,

      Defendants.

---

## **INTRODUCTION**

Pro se Plaintiff, Jose Gonzalez, an inmate incarcerated at the Groveland Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. Docket Item 1 ("Complaint"). Plaintiff alleged that, while he was confined at Erie County Correctional Facility ("ECCF") and Groveland Correctional Facility ("Groveland"), Defendants violated his right to be free from cruel and unusual punishment through the failure to provide him with adequate medical care and safe conditions of confinement, as more particularly set forth in the Complaint.

After screening the Complaint, the Court dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) with leave to replead. Docket Item 8 ("Screening Order"). Specifically, the Court found that Plaintiff's allegations failed to support an inference of deliberate indifference on the part of these supervisory Defendants and failed to allege their personal involvement in any failure to provide medical care. Screening Order at 6.

Plaintiff has filed an Amended Complaint realleging his medical care claims. Docket Item 14 ("Amended Complaint").[1]

## DISCUSSION

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), this Court must screen this Amended Complaint. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

### I. The Amended Complaint

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))[2]; *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as

---

[1] Plaintiff did not replead his conditions of confinement claim.

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

2

insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

## II. Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). But a supervisory official can be found to be personally involved in an alleged constitutional violation in one of several ways:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or

appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

### III. Plaintiff's Allegations

Plaintiff's factual allegations, presumed true at this stage of the proceedings, largely repeat those of the initial Complaint. In 2017 "up until February 2018," while a pretrial detainee at the ECCF, Plaintiff "made several complaints regarding a hernia he had" which he believed required surgery. Amended Complaint at 5. The "Erie County Sheriff's Corr. Health refused to give the Plaintiff the surgery." *Id.* Defendant Howard, "after being apprised of Plaintiff's condition failed to rectify the problem." *Id.* at 6.

Plaintiff, transferred to Groveland after he had been sentenced, states that from "the time of my arrival at Groveland until July 2019," Superintendent Cronin and Groveland Medical "failed to provide appropriate medical treatment of Plaintiff's serious medical condition for what amounts to deliberate indifference." *Id.* at 7. Plaintiff alleges further that he filed grievances and that Superintendent Cronin failed to rectify the situation. *Id.* at 8. Hernia surgery was performed in July of 2019. *Id.*

### IV. Analysis

#### A. Medical claims

Plaintiff sets forth claims of failure to provide medical care alleging that he was refused surgery for his hernia until July 2019. For a sentenced prisoner, a claim for denial of medical care rises to the level of a constitutional violation only where the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs.

4

See *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). This standard has both an objective and subjective component. Plaintiff's medical needs must be objectively serious. "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). In *Harrison*, the Second Circuit pointed out that

> [medical] conditions . . . vary in severity and . . . a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* (quoting *Chance*, 143 F.3d at 702). *Compare Chance* (finding serious dental need where plaintiff alleged that he suffered extreme pain, his teeth deteriorated, and he had been unable to eat properly) and *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996) (deprivations of needed eyeglasses may produce consequences that "adequately meet the test of 'suffering' [under] *Gamble*'), *with Banks v. Mannoia*, 890 F. Supp. 95, 99 (N.D.N.Y. 1995) ("The serious medical need requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain").

Plaintiff was a sentenced prisoner at Groveland, but was a pretrial detainee at the ECCF. A pretrial detainee must establish the same objectively serious medical condition as a sentenced prisoner, but the second prong of the test, the subjective *mens rea* element is judged objectively, a more forgiving standard for plaintiffs. *See Darnell v*

*Pineiro*, 849 F.3d 17, 33 (2d Cir. 2017). In either case, for his claim to survive this initial review, Plaintiff must address this subjective component – that the prison officials were deliberately indifferent to a serious medical need. Plaintiff must adequately allege that the prison official had actual knowledge of Plaintiff's serious medical needs but was deliberately indifferent. *See generally Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Brock v. Wright*, 315 F.3d 158 (2d Cir. 2003); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.2d 178, 184 (2d Cir. 2003). Mere disagreement over the proper treatment does not create a constitutional claim because prison officials have broad discretion in determining the type and extent of medical treatment given to inmates. *Thomas v. Pate*, 493 F.2d 151, 157 (7th Cir. 1974), *cert. denied*, 423 U.S. 877 (1975).

Plaintiff's allegations against the two named Defendants share the same flaw whether he was a sentenced prisoner or a pretrial detainee. As to these Defendants, Plaintiff alleges in conclusory fashion that they were aware of his medical need and deliberately indifferent. However, "supervisory officials are also generally entitled to delegate medical responsibility to facility medical staffs and are entitled to rely on the opinion of medical staff concerning the proper course of treatment." *Abdush-Shahid v. Coughlin*, 933 F. Supp 168, 183 (N.D.N.Y. 1996) (collecting cases). Both Sheriff Howard and Superintendent Cronin were entitled to rely on the medical expertise of their respective staffs in refusing to order different treatment. *See Houston v. Sheahan*, 13-CV-6594-FPG, 2017 WL 3425271, at *3 (W.D.N.Y. Aug. 9, 2017) ("it is well accepted in this Circuit that in general, supervisory prison officials may not be found liable for

constitutional violations involving medical care where they reasonably relied on the opinions of prison medical staff").

As to the medical personnel at each facility, Plaintiff's allegations of deliberate indifference are wholly conclusory. That the surgery was ultimately necessary may be inferred from the fact that it was performed in July of this year. That the failure to perform the surgery at an earlier time constituted deliberate indifference is based entirely on Plaintiff's conclusory allegation that this is so. Plaintiff sets forth no facts as to his interaction with any medical official at either facility. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning"). Plaintiff thus sets forth no allegations of fact which would support an inference that any medical official was deliberately indifferent to Plaintiff's medical condition. Plaintiff's Amended Complaint must therefore be dismissed with prejudice for failure to state a claim on which relief may be granted.

## ORDER

IT HEREBY IS ORDERED, that the Amended Complaint is dismissed with prejudice for failure to state a claim on which relief may be granted;

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on

motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
Charles J. Siragusa
United States District Judge

DATED: SEPT. 27, 2019
Rochester, NY